IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JACKIE RAY CEARLEY,            )
                               )
            Petitioner,        )
                               )
    v.                         )        1:09CV397
                               )
FRANK L. PERRY,                )
                               )
            Respondent.        )

**ORDER**

This matter is before this court for review of the Memorandum Opinion, Order, and Recommendation ("Recommendation") filed on June 11, 2014, by the Magistrate Judge in accordance with 28 U.S.C. § 636(b).  (Doc. 36.)  In the Recommendation, the Magistrate Judge recommends that Respondent's Motion for Summary Judgment (Doc. 5) be granted, that Petitioner's Motion for Partial Summary Judgment (Doc. 15) and Motion for Judgment on the Pleadings (Doc. 31) be denied, that the Petition (Doc. 1) be denied, and that Judgment be entered dismissing this action without issuance of a certificate of appealability. The Recommendation was served on the parties to this action on June 11, 2014. (Doc. 37.)  Petitioner filed timely objections (Doc. 38) to the Recommendation.

This court is required to "make a de novo determination of those portions of the [Magistrate Judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the [M]agistrate [J]udge. . . . [O]r recommit the matter to the [M]agistrate [J]udge with instructions." Id.

Petitioner raises a number of objections to the Magistrate Judge's Recommendation.[1] This court has appropriately reviewed the portions of the Recommendation to which objection was made and has made a de novo determination which is in accord with the Magistrate Judge's Recommendation. This court therefore adopts the Recommendation.

---

[1] Petitioner raises a number of objections challenging the deference that the Magistrate Judge gave to the findings of the state court and the standard of review that the Magistrate Judge used when reviewing the Ineffective Assistance of Counsel claims. (Petitioner's Objections to the Recommendation ("Pet'r's Objs.") (Doc. 38) ¶¶ 1—7, 9, 11—13.) As noted by the Magistrate Judge, the standard of review for an Ineffective Assistance of Counsel claim made in a habeas petition is a very high burden for a petitioner to meet. Harrington v. Richter, 562 U.S. 86, 131 S. Ct. 770, 783 (2011) (recognizing that § 2254 requires a showing that there was "an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"). After reviewing the record, we agree with the Magistrate Judge that the Petitioner has not met this burden.

However, the court's analysis of one of Petitioner's objections warrants further explanation. Petitioner objects to the Magistrate Judge's finding that one of Petitioner's Ineffective Assistance of Counsel claims was procedurally barred because it was not exhausted in state court. (Petitioner's Objs. (Pet'r's Objs. (Doc. 38) ¶ 14; Recommendation (Doc. 36) at 12-13.) A claim is procedurally barred in a § 2254 petition if the petitioner has not "fairly presented" the claim to the state court before petitioning the federal court on the issue. Jones v. Sussex I State Prison, 591 F.3d 707 (4th Cir. 2010). To meet this presentment requirement, "both the operative facts and the controlling legal principles must be presented to the state court." Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000). In his § 2254 petition, Petitioner claims that his trial counsel did not provide effective assistance when he chose not to call Trooper Mathis to the stand to testify about the dangerous nature of the intersection where Petitioner had his accident. (Petitioner's Petition for Writ of Habeas Corpus (Doc 1) ¶ 12.) Although this claim was not specifically made in Petitioner's Motion for Appropriate Relief (MAR) or amended MAR, Petitioner made the general claim that his trial counsel provided ineffective assistance by not calling more witnesses to the

stand to speak about the danger of the intersection. Additionally, the superior court that heard his MAR took testimony from Trooper Mathis on the danger of the intersection. (Respondent's Br., Ex. 11 (Doc. 6-13) at 37-38.)

As a result, Petitioner argues that the issue was fairly presented to the state court. Assuming without finding that this claim is not procedurally barred, the failure to call Trooper Mathis to the stand fails for the same reasons as Petitioner's other claims of Ineffective Assistance of Counsel —- his trial counsel exercised professional judgment and chose to forego putting on any evidence so that he could have the last word with the jury. (Recommendation (Doc. 36) at 13–18.)[2] This court, like

---

[2] Petitioner also argues that the Magistrate Judge improperly ignored evidence from the procedurally barred Ineffective Assistance of Counsel claim when determining if Petitioner's conviction was supported by sufficient evidence. (Pet'r's Objs. (Doc. 38) ¶ 15.) When faced with a § 2254 petition challenging the sufficiency of the evidence in a state court proceeding, this court considers all of the evidence in front of the trial court at the time it rendered a verdict. Jackson v. Virginia, 443 U.S. 307 (1979) ("[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."). Evidence presented in post-conviction hearings is not relevant to the determination of whether a state court's verdict is supported by sufficient evidence. See id. Therefore, Petitioner cannot argue that the testimony of Trooper Mathis or any of the other testimony from the MAR hearing supports a finding that the original verdict rendered against Petitioner was based on insufficient evidence.

the Magistrate Judge, finds that this claim does not entitle Petitioner to relief.

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Recommendation (Doc. 36) is **ADOPTED.** **IT IS FURTHER ORDERED** that Respondent's Motion for Summary Judgment (Doc. 5) is **GRANTED,** that Petitioner's Motion for Partial Summary Judgment (Doc. 15) and Motion for Judgment on the Pleadings (Doc. 31) are **DENIED,** that the Petition (Doc. 1) is **DENIED,** and that this action is **DISMISSED.** A Judgment dismissing this action will be entered contemporaneously with this Order. Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is not issued.

This the 26th day of September, 2014.

/s/ William L. Osteen, Jr.
_____
United States District Judge